## S. C. LAMBERT v. STATE.

No. A-6085.   Opinion Filed May 26, 1928.
(267 Pac. 679.)

Titus & Talbot, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Alfalfa county on a charge of selling intoxicating liquor

and was sentenced to serve a term of 30 days in the county jail and to pay a fine of $200.

The record discloses that at the time charged two young men, Tittle and Landon, were trucking well casing from the south part of Alfalfa county to some point in Kansas. They stopped at the city of Cherokee about noon and there met two other young men, Clark and Woods, of whom they inquired if they knew where they could get something to drink. Woods and Clark went in search of intoxicants, but failed to find any, and soon returned. They then directed Landon and Tittle to meet them at a certain point about six miles north, and they left in a Ford car, and Tittle and Landon drove their trucks to the place appointed, and there met Woods and Clark, who had a gallon bucket of wine. All drank of this wine, and they decided they wanted some more, so Landon and Woods went to the home of defendant a mile or so distant, and there purchased another gallon of wine, Landon paying for it. Tittle and Landon became thoroughly intoxicated and Tittle with the truck he was driving had a collision with a Ford car. Defendant denied that he made the sale and offered some further testimony. Although conflicting, there is ample evidence to warrant the jury in finding defendant made a sale of the wine as charged. The weight and credibility of the evidence was for the jury and the verdict will not be disturbed for insufficiency. It is also argued that there was misconduct in the trial in the court permitting the county attorney during the recess to take the witness Landon to the scene of the transaction, which enabled him to identify the house at which the wine was purchased as the house of defendant. No authorities in support of this contention are cited and this fact presents no ground for reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.